■ MARY TARABOCHIA, Appellant, v KARL SMITH, Respondent. — In an action to recover damages based upon an assault, plaintiff appeals from an order of the Supreme Court, Queens County (Baker, J.), entered October 10, 1980, which denied her motion to set aside the decision of the court, made at the close of the evidence at a jury trial, granting defendant's motion to dismiss the complaint. Appeal dismissed, without costs or disbursements, upon the ground that the order appealed from is nonappealable. The motion herein (made more than six months after the trial) "for an order * * * setting aside the decision of the Court held at Trial Term * * * made prior to submission to the jury" was not within the ambit of CPLR 4404 (subd [a]) since it did not seek the "set[ting] aside [of] a *verdict* or any judgment entered *thereon*" (emphasis supplied). The oral motion made by defendant at the close of the evidence to dismiss the complaint (which was granted by the trial court) was made pursuant to CPLR 4401. The instant motion to set aside that determination was, notwithstanding its appellation, a motion for leave to reargue the trial

court's dismissal of the complaint. The statement in the trial court's decision that the application is time barred due, *inter alia,* to laches, constituted a denial of leave to reargue and, as such, the order is not appealable. We note that no judgment dismissing the complaint has apparently been entered. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.